IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **MR. DAVID H. PARKER, Jr.,** | * |
| Plaintiff, | * |
| v. | *   Civil Action No.  1:11-CV-0520-JEB |
| **BANK OF AMERICA, N.A. F/K/A BAC HOME LOANS SERVICING LP** | * |
| Defendant. | * |

\* \* \* \* \*

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

Plaintiff, David H. Parker, Jr., through undersigned Counsel, submits this Memorandum in Support of his Motion to Strike Defendant Bank of America, N.A.'s Defenses to Plaintiff's First Amended Complaint (Doc. 34) on the grounds that they fail to meet the fundamental pleading guidelines articulated in Rule 8 of the Federal Rules of Civil Procedure.

### STANDARD OF REVIEW

Acting either on motion or *sua sponte,* under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. Defenses may be stricken from pleadings, if they are insufficient as a matter of law, *see FDIC v. Martini,* 1995 U .S. Dist. LEXIS 4420, *3 n. 2 (D. Md. 1995); if they potentially serve only to cause delay, *see Hcri Trs Acquirer, LLC v. Iwer,* 2010 U.S.Dist. LEXIS 41552, *3 (N.D. Ohio 2010) (citing *Heller Fin., Inc., v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir.1989)); if they have no possible relation to the controversy, *see Moore v. Prudential Ins. Co.,* 166 F.Supp. 215, 218 (M.D.N.C.,

1958); if they would require "unnecessary time and money ... litigating invalid, spurious issues" *see Spell v. McDaniel,* 591 F.Supp. 1090, 1112 (E.D.N.C. 1984) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D.Fla.1976)); or if they fail to meet the pleading requirements of Rules 8 and 9, *see McLemore v. Regions Bank,* 2010 U.S. Dist. LEXIS 25785, *45-46 (M.D. Tenn., 2010) (defenses must meet Rule 8(b) and (c) pleading requirements), *Stowe Woodward, L.L.C. v. Sensor Prods.,* 230 F.R.D. 463, 466-470 (W.D.Va., 2005) (when applicable defenses must meet the heightened pleading requirements of Rule 9).

The United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, amplified the Rule 8 pleading standard, noting that a pleading must contain sufficient factual information to "state a claim to relief that is plausible on its face."  550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a litigant provide more than mere labels and conclusions stating that it is entitled to relief. *Id*. at 555.  Thus, a pleading containing facts that are "merely consistent with" a theory of liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.  Rather, a pleading achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that pleaded conduct occurred. *Id*. at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Here, Defendant's affirmative defenses fall far short of the Rule 8 pleading standards as articulated in *Twombly* and *Iqbal*.

## ARGUMENT

The Federal Rules of Civil Procedure provide that affirmative defenses must state more than a mere conclusion. While the opinions *Twombly* and *Iqbal* only had occasion to address pleading requirements in the context of complaints, Rule 7(a) of the Federal Rules of Civil Procedure explicitly includes a defendant's answer within its definition of "pleading".

> A "pleading" includes a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer.

Fed. R. Civ. P. 7(a).

The majority of federal courts that have encountered this issue have applied *Twombly* and *Iqbal*'s interpretation of Rule 8's pleading standards to affirmative defenses. *See Barry v. EMC Mortg*, No. DKC 10-3120, 2011 U.S. Dist. LEXIS 104265 (D. Md. Sept. 15, 2011) ("The majority of district courts, including those within this circuit, have concluded that the *Twombly-Iqbal* approach does apply to affirmative defenses.").

Applying this standard, other federal courts have stated that an affirmative defense must be stricken if it is conclusory. *Bradshaw v. Hilco* 725 F. Supp. 2d 532, 535 (4th Cir. 2010) ("This Court agrees with the reasoning employed by the courts that have applied the plausibility standard to affirmative defenses."); *see also Racick v. Dominion Law Assocs.* 270 F.R.D. 228 (E.D.N.C. 2010); *see also Hayne v. Green Ford Sales Inc.*, 263 F.R.D. 647, 649-50 (D. Kan. 2009) (finding that the new standard does apply to defenses stated in an answer); *Palmer v. Oakland Farms, Inc.*, 5:10cv00029, 2010 U.S. Dist. LEXIS 63265 (W.D. Va. June 24, 2010) ("the striking of a patently insufficient defense serves the useful purpose of expediting the litigation process."); *Van Schouwen v. Connaught Corp.*, 782 F.Supp. 1240, 1245 (N.D.Ill. 1991) ("when the insufficiency of a defense is clearly apparent, a motion to strike can help . . . clear away the clutter."); *United States v. Quadrini*, 2007 U.S. Dist. LEXIS 89722, *11-12 (E.D.

Mich. 2007); *United States v. Brink*, 2011 U.S. Dist. LEXIS 21816 (S.D. Tex. Mar. 4, 2011) ("this Court will also apply the plausibility standard articulated in Twombly and Iqbal in assessing the sufficiency of affirmative defenses."); *Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 924 (D. Minn. 2010).

Moreover, "[b]oilerplate defenses clutter docket;" they "create unnecessary work," and "in an abundance of caution" require significant unnecessary discovery. *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 U.S.Dist. LEXIS 48399, *2-3 (E.D.Mich. 2008).

Several courts have also held that an affirmative defense must be stricken if it states a mere conclusion. *Openshaw v. Cohen, Klingenstein & Marks, Inc.,* 320 F.Supp.2d 357 (D. Md. 2004), at 364 (holding that affirmative defenses such as estoppel, waiver, ratification, assumption of risk, contributory negligence and recklessness could not be asserted by defendant by listing those defenses in summary fashion); *Racick*, 270 F.R.D. at 237 (striking "estoppel" and "waiver" defenses as "bare legal conclusion[s]"); *Peoples State Bank of Wyalusing, PA v. Wellsburg Truck Auto Sales, Inc.*, No 3:10-CV-433, 2010 WL 4922877, at *4 (M.D.Pa. Nov. 29, 2010) (striking a statute of frauds defenses that did "not state in any way why Defendants [were] entitled to [it]" when Rule 8(b) requires a statement of the defense in "short and plain terms"). As the Southern District of Florida has written:

> [T]he purpose of pleading sufficient facts in an affirmative defense is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case. Thus, in addition to increasing litigation costs, [b]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery. Consequently, when such defenses are alleged, the Court must address what are often unnecessary motions for summary judgment and extend pretrial conferences in order to narrow the issues. Therefore, the Court needs some statement of the underlying facts in order to focus the scope of discovery, particularly when a defendant alleges more than nineteen defenses, due to the growing tendency to assert such boilerplate defenses.

4

Castillo v. Roche Labs., Inc., No. 10-20876-CIV, 2010 U.S. Dist. LEXIS 87681, at *3 (S.D. Fla. Aug. 2, 2010) (quotations and citations omitted) (second and third alterations in original).

In the present case, Defendant raises twenty-six affirmative defenses that are mere conclusions, wholly devoid of any factual content to support them. As the courts held in *Openshaw* 320 F.Supp.2d at 364, Racick, 270 F.R.D. at 237, and *Peoples State Bank of Wyalusing, PA* 2010 WL 4922877, at *4, simply writing a list of theories is woefully inadequate under the pleading sufficiency standards articulated in Rule 8 as interpreted by *Twombly* and *Iqbal* and as applied to affirmative defenses by the Fourth Circuit in *Bradshaw*.

For instance, affirmative defense twenty-five recites a rote list of affirmative defenses, such as laches, waiver, estoppel, and the statute of limitations. Even before *Twombly* and *Iqbal*, simply writing "the word estoppel without more [was] not a sufficient statement of a defense." *Telectronics Proprietary, Ltd., v. Medtronic, Inc.*, 687 F.Supp. 832, 841 (S.D.N.Y. 1988); *accord Builders Bank v. First Bank & Trust Co.*, 2004 U.S. Dist. LEXIS 5016, *17-18 (N.D. Ill. 2004) (courts have "consistently struck" the defenses of waiver, estoppel and laches "when they are insufficiently pled"). Furthermore, when pleading a defense involving time limitations, it "may [be] helpful to review" Rule 84 and its reference to the Appendix of Forms, including the suggestion in paragraph 6 of Form 30 that the alleged number of years be shown. *Hayne v. Green Ford Sales, Inc*., 263 F.R.D. at 651. "Such allegation shows that the pleader at least has some valid premise for asserting the defense and is not merely tossing it into the case like a fish hook without bait." *Id*. These above-cited defenses are emblematic of Defendant's other vague defenses, such as Defendant's Sixteenth Additional Defense, which asserts: "Plaintiff's claims are barred or preempted, in whole or in part, by federal statutes and regulations." *See* Def. Ans. at 22. If Plaintiff had filed a pleading in which he asserted that he was entitled to relief, "in

whole or in part, by federal statutes and regulations," certainly such a claim would not survive *Iqbal* and *Tombly*'s pleading obligations. For these reasons, Defendant's defenses must be stricken.

Further, Defendant's defenses are deficient in that they fail to identify the particular counts to which the pleaded defenses apply. As this Court has agreed, "to give fair notice of the defense… a party should identify the claim to which the defense applies." *Gates v. D.C.*, 2011 U.S. Dist. LEXIS 133146 (D.D.C. Nov. 18, 2011) (quoting *Lee v. Habashy*, No. 6:09-cv-671-Orl-28GJK, 2009 U.S. Dist. LEXIS 99780, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). Not one of Defendant's twenty-six affirmative defenses states to which of Plaintiff's counts it is meant to be applied.

As such, Defendant's Affirmative Defenses should be stricken as conclusory and insufficient.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this court grant his Motion and strike Defendant's affirmative defenses.

          Respectfully submitted,

          */s/ Jimmy Ray Howell, Jr.*
          Jimmy Ray Howell, Jr. (DC Fed.: OH0027)
          jrhowell@jrhlegalstrategies.com
          Ian Stumpf (987967)
          istumpf@jrhlegalstrategies.com
          JR Howell & Associates
          1325 G Street NW, Suite 500
          Washington D.C. 20005
          P: 202.552.7386
          F: 202.518.2571
          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2012, a copy of the foregoing was served on the party listed below via the court's electronic filing system:

Sabrina Rose-Smith, Esq.
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
T: 202.346.4185
F: 202.346.4444
srosesmith@goodwinprocter.com

Brook L. Ames, Esq.
Goodwin Procter LLP
53 State Street
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

James W. McGarry, Esq.
Goodwin Procter LLP
53 State Street
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

                Respectfully submitted,

                */s/ Jimmy Ray Howell, Jr.*
                Jimmy Ray Howell, Jr. (DC Fed.: OH0027)
                jrhowell@jrhlegalstrategies.com
                Ian Stumpf (987967)
                istumpf@jrhlegalstrategies.com
                JR Howell & Associates
                1325 G Street NW, Suite 500
                Washington D.C. 20005
                P: 202.552.7386
                F: 202.518.2571
                *Attorneys for Plaintiff*