UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID H. PARKER, Jr.,

            Plaintiff,

     v.

BANK OF AMERICA, N.A. F/K/A BAC
HOME LOANS SERVICING LP,

            Defendant.

Civil Action No. 1:11-CV-0520-JEB

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

      Defendant Bank of America, N.A. ("BANA"), as successor by merger to BAC Home

Loans Servicing, LP (originally named as "BAC Home Loans Servicing, LP, f/k/a Countrywide

Home Loans Servicing, LP"), by and through its undersigned counsel, submits the following

memorandum in opposition to Plaintiff David H. Parker, Jr.'s re-filed motion to strike

Defendant's affirmative defenses (Dkt. #36).[1/]

## I.

### DEFENDANT'S AFFIRMATIVE DEFENSES ARE PLEADED
### IN ACCORD WITH THE REQUIREMENTS OF RULE 8(C)

      Plaintiff's motion should be denied because Defendant's pleading satisfies Rule 8(c).

Plaintiff grounds his motion on the theory that "Defendant's affirmative defenses fall far short of

the Rule 8 pleading standards as articulated in *Twombly* [*Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007)] and *Iqbal* [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]."  Pl.'s Mem. at 2.

Significantly, neither *Twombly* nor *Iqbal* concerned the pleading of affirmative defenses; both

---

[1/]    Plaintiffs' memorandum of law in support of his motion to strike, Dkt. #36-1, is cited herein
as "Pl.'s Mem."

cases addressed whether a plaintiff's *complaint* had been pleaded consistently with Rule 8(a)'s requirement that plaintiffs provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  But the pleading of affirmative defenses is not governed by Rule 8(a).  Affirmative defenses are governed by Rule 8(c).  And the language of Rule 8(c) is completely different from the language of Rule 8(a) construed by *Twombly* and *Iqbal*.  It does not require a party pleading affirmative defenses to make any "statement showing that the pleader is entitled to" the claimed defense; it merely provides that "a party must affirmatively state any avoidance or affirmative defense," which is exactly what defendant has done here.  *Compare* FED. R. CIV. P. 8(a)(2) *with* FED. R. CIV. P. 8(c)(1); *see generally Shirk v. Garrow*, 505 F. Supp. 2d 169, 170 n.1 (D.D.C. 2007) ("Rule 8(c), however, governs the pleading of affirmative defenses, and the requirement for a 'short and plain statement' is outlined in Rule 8(a).  In fact, *Twombly* specifically references Rule 8(a)(2).").

Numerous courts have denied motions like the Plaintiff's on exactly these grounds.  For example, *McLemore v. Regions Bank*, Nos. 08-0021 & 08-1003, 2010 U.S. Dist. LEXIS 25785 (M.D. Tenn. Mar. 18, 2010), held:

> *Twombly* and *Iqbal* did not change the pleading standard for affirmative defenses. On its face, *Twombly* applies only to complaints and to Rule 8(a)(2), because the Court was interpreting that subsection's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."  The opinion does not mention affirmative defenses or any other subsection of Rule 8.  *Iqbal* also focused exclusively on the pleading burden that applies to plaintiffs' complaints.

*Id*. at *46 (citations omitted).  One of the leading civil-practice treatises agrees.  According to *Moore's Federal Practice*,

> There is a difference in pleading standards between pleading affirmative defenses in an answer and asserting a claim for relief.  In summary, affirmative defense pleading should not be subject to the same "plausibility" standard applicable in pleading a claim for relief.  For pleading affirmative defenses, Rule 8 requires only that a party "affirmatively state" any avoidance or affirmative defense.  By

contrast, a pleading asserting a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court, in imposing the plausibility standard for pleading a claim for relief, relied heavily on the rule language purporting to require a "showing" of entitlement to relief, meaning, according to the Supreme Court, that the pleader of a claim for relief must allege sufficient facts to "show" that the claim is "plausible."  Having staked the requirement for a "plausibility" requirement in pleading a claim for relief on rule language requiring a "showing," the quite different rule language covering pleading of affirmative defenses should eliminate any plausibility requirement.  Under Rule 8, the pleader of an affirmative defense need only "state" the defense, but need not "show" anything in order to survive a motion to strike.  As noted below, an affirmative defense that an action is barred by the statute of limitations may be pleaded without specificity, merely by asserting it.

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 8.08[1] (3d ed.) (footnotes and citations omitted).

Plaintiff cites several cases purportedly reaching the opposite conclusion.  *See* Pl.'s Mem. at 3-4.  Indeed, it was probably inevitable that courts would come down on both sides of the issue in the absence of any Circuit-level authority resolving it one way or another, as plaintiffs who stand to lose nothing by rolling the dice appear to have made such perfunctory motions to strike an obligatory stage of motion practice in the post-*Twombly* era.[2/]  Under those circumstances, the best approach to resolving the dispute was the one taken by *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc*., No. 11-1161, 2012 U.S. Dist. LEXIS 6745, *4-5 (C.D. Cal. Jan. 20, 2012), which acknowledged the division of authority and then stated: "the Court thinks the question is best resolved by reference to the text of the Federal Rules."  The Court then reasoned:

---

[2/]   As of January 27, 2012, a LEXIS search reveals 429 hits among combined federal cases for the search terms "twombly & strike w/5 'affirmative defenses.'"  The most recent case observes that "no circuit court of appeals appears to have addressed whether the *Twombly/Iqbal* pleading standards apply to affirmative defenses, and district courts are coming down on either side of the equation."  *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc*., No. 11-1161, 2012 U.S. Dist. LEXIS 6745, *4 (C.D. Cal. Jan. 20, 2012).

> When read together, the sub-parts of the rule [*i.e.*, Rule 8(a)-(c)] appear to demand more from a party stating a claim for relief, *i.e.*, the party stating a claim must show he or she is entitled to relief. In contrast, a party stating a defense need not show he or she is entitled to relief, but need only state any defense, and state each defense "in short and plain terms." Given this distinction, the Court concludes that the *Twombly/Iqbal* heightened pleading standard does not apply to pleading affirmative defenses. Instead, an affirmative defense need only give a plaintiff "fair notice of the defense."

*Id*. at *5-*6. The Court ultimately denied the motion to strike because the "[d]efendant's affirmative defenses challenged on this ground give fair notice of the nature of each defense" despite their being "set forth in the plainest of terms." Id. at *6 (citing *Baroness Small Estates, Inc. v. BJ's Restaurants, Inc*., No. 11-0468, 2011 U.S. Dist. LEXIS 86917, 2011 WL 3438873, *5-6 (C.D. Cal. Aug. 5, 2011) (defendant notified plaintiff of its affirmative defenses, which, while boilerplate, sufficed at the outset of the case)).

Other cases reaching the same conclusion as *McLemore* and *Enough for Everyone* include *Lane v. Page*, 272 F.R.D. 581, 593-594 (D.N.M. 2011) (finding *Twombly* and *Iqbal* inapplicable to defenses because of their specific reliance on Rule 8(a)(2)); *Ioselev v. Schilling*, No. 10-1091, 2011 U.S. Dist. LEXIS 134656, *3-4 (M.D. Fla. Nov. 22, 2011) (holding that "the heightened pleading standard set forth in [*Twombly* and *Iqbal*] do[es] not apply to affirmative defenses" because "the purpose of Rule 8(c) is simply to provide the opposing party with notice of an affirmative defense that may be raised at trial"); *Brossart v. DirecTV*, No. 11-0786, 2011 U.S. Dist. LEXIS 128555, *4-5 (D. Minn. Nov. 4, 2011) ("the pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses" because "the language in Fed. R. Civ. P. 8(a) that provided the basis for those Supreme Court decisions does not appear in Rule 8(b) or 8(c), which govern defenses"); *Recticel Automobilsysteme GmbH v. Auto. Components Holdings, LLC*, No. 10-14097, 2011 U.S. Dist. LEXIS 127261, *24 (E.D. Mich. Nov. 3, 2011) ("*Twombly* and *Iqbal* do not apply to affirmative defenses"); *Aros v. United Rentals, Inc*., No. 10-0073, 2011

U.S. Dist. LEXIS 125870, *8-9 (D. Conn. Oct. 31, 2011) (refusing to apply *Twombly* and *Iqbal* to affirmative defenses due to the "contrast" between Rule 8(a) and 8(c)); *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs*., No. 09-1098, 2011 U.S. Dist. LEXIS 116155, *12 (M.D. Tenn. Oct. 7, 2011) ("the *Twombly*/*Iqbal* standard is inapplicable to affirmative defenses"); *Bank of Beaver City v. Southwest Feeders, LLC*, No. 10-3209, 2011 U.S. Dist. LEXIS 114724, *17 (D. Neb. Oct. 4, 2011) ("The plain language of the rules indicates not only that the Rule 8(a)(2) . . . requirement . . . does not apply to Rule 8(c) pleadings, but also that the Supreme Court's reasoning in *Twombly* and *Iqbal* does not apply to the pleading of affirmative defenses"); *Adams v. JP Morgan Chase Bank, N.A.*, No. 11-0337, 2011 U.S. Dist. LEXIS 79366, *8-9 (M.D. Fla. July 21, 2011) (holding that because *Twombly* "based the heightened pleading requirement in pleading a claim for relief on rule language requiring a 'showing,' the quite different rule language covering pleading of affirmative defenses should eliminate any plausibility requirement for affirmative defenses," and further observing that since "a defendant may be permitted to raise an affirmative defense at trial that the defendant did not even plead, so long as the plaintiff had notice of the defense, . . . it cannot be necessary for a defendant to include factual allegations supporting each affirmative defense"); *Bowers v. Mortgage Electronic Registration Systems*, No. 10-4141, 2011 U.S. Dist. LEXIS 58537, *13-15 (D. Kan. June 1, 2011) ("In the sections that apply to responsive pleadings, sections 8(b) and (c), there is no additional phrase requiring a party to show why that defense is relevant or why the party is entitled to claim that defense.  But that additional language does appear in 8(a)," implying "that the rationale of *Twombly* does not apply . . . where the pleading party bears no burden of showing an entitlement to relief") (internal quotation marks omitted); *Schlief v. Nu-Source, Inc*., No. 10-4477, 2011 U.S. Dist. LEXIS 44446, *24 (D. Minn. Apr. 25, 2011) ("the pleading

standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses" because "the language in Fed. R. Civ. P. 8(a) that provided the basis for those Supreme Court decisions does not appear in Rule 8(b) or 8(c), which govern defenses"); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (holding that *Twombly* and *Iqbal* "do not apply to the pleading of defenses under Fed. R. Civ. P. 8(b) and (c)," as "nothing in the text of the Federal Rules of Civil Procedure or in the Appendix of Forms even hints that a defendant must plead sufficient facts to establish the 'plausibility' of an affirmative defense"); *First Nat'l Ins. Co. of Am. v. Camps Servs.*, No. 08-12805, 2009 U.S. Dist. LEXIS 149, *4-5 (E.D. Mich. Jan. 5, 2009) ("*Twombly*'s analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)."); *Westbrook v. Paragon Sys.*, No. 07-0714, 2007 U.S. Dist. LEXIS 88490, *2 (S.D. Ala. Nov. 29, 2007) (denying motion to strike because "*Twombly* was decided under Rule 8(a)" and that neither Rule 8(b) nor 8(c) "expresses a requirement that the answer 'show' the defendant is entitled to prevail on its affirmative defense"). Defendant's counsel trusts that a still-longer string of citations is unnecessary to demonstrate the saliency of the authorities rejecting Plaintiff's argument.

## II.

### COURTS RECOGNIZE SOUND PRACTICAL REASONS WHY DEFENDANTS NEED NOT INCLUDE FACTUAL ALLEGATIONS IN SUPPORT OF AFFIRMATIVE DEFENSES

The Court should deny the motion for its practical implications as well. Plaintiff argues that affirmative defenses are not adequately pleaded unless they are accompanied by "sufficient factual allegations supporting the reasonable inference that pleaded conduct actually occurred." Pl.'s Mem. at 2. In addition to its infirmity in light of the plain language of Rule 8, Plaintiff's position is also contravened by numerous practical considerations. As *Moore's* points out:

[A]pplying the "plausibility" requirement to the pleading of affirmative defenses

> is unfair to defendants. Unlike plaintiffs, defendants do not have the luxury of prefiling investigation. Yet Rule 8 requires defendants, within the space of only 21 days after being served with the complaint, to plead all possible affirmative defenses or risk waiving them. At this point in time, defendants may not have all of the facts needed to plead affirmative defenses with sufficient factual specificity to meet "plausibility" standards. Thus, requiring "plausibility"—that is, requiring factual pleading of affirmative defenses—is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses. Motions to strike, unlike motions to dismiss, traditionally have been considered "disfavored."

2 MOORE, *supra*, at ¶ 8.08[1] (citations omitted). Consistent with these considerations, one court explained:

> Pleading standards that account for the differences between the pleading of claims and defenses make sense. Knowledge at the pleading stage is often asymmetrical, disproportionately favoring the pleading of a claim by a plaintiff who has had the opportunity to time its filing. . . . Thus, the primary purpose of Rule 8(c) is to ensure that the plaintiff has adequate notice that a defense will be raised at trial or in a subsequent dispositive motion, and not to "show" the court or the plaintiff that the defendant is entitled to the defense.

*Odyssey Imaging, LLC v. Cardiology Associates of Johnston, LLC*, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010); *see also Baum*, 2010 U.S. Dist. LEXIS 56704 at *7-8 ("it would be unreasonable to expect defendants to be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable, given that discovery has not yet occurred and the fact that defendants may waive affirmative defenses that are not plead"); *Bowers*, 2011 U.S. Dist. LEXIS 58537 at *13-15 ("maintaining a higher standard for pleading claims rather than defenses is appropriate since a plaintiff may take years to investigate and prepare a complaint while a defendant has a mere 21 days in which to serve an answer after a complaint is filed").

Plaintiff suggests that granting his motion would "serve[] the useful purpose of expediting the litigation process." Pl.'s Mem. at 3. Of course, the exact opposite is true. The "flurry of motions to strike affirmative defenses" seeking to extend *Twombly* and *Iqbal* far beyond their explicit domain only serves as a drag on the litigation process. 2 MOORE, *supra*, at

- 7 -

¶ 8.08[1].   If indulged, such motions further increase the burden on the courts as well as the parties by adding yet another stage of motion practice to the litigation process:

> [A]pplying *Iqbal* and *Twombly* to affirmative defenses would radically change civil practice in the federal courts.  Affirmative defenses are almost always simply listed in answers; only rarely do defendants plead much in the way of facts in support of affirmative defenses. . . .  In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them.   No judicial intervention is necessary.   Applying *Iqbal* and *Twombly* to affirmative defenses would force defendants to plead fewer affirmative defenses and then, after taking discovery, to move the Court for permission to amend their answers to add affirmative defenses.  Plaintiffs would often resist those motions on the grounds that the proposed affirmative defenses would be futile.  Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties.

*Wells Fargo*, 750 F. Supp. 2d at 1051-52; *see also Brossart*, 2011 U.S. Dist. LEXIS 128555 at *5 ("application of *Twombly* and *Iqbal* to affirmative defenses would significantly change federal civil practice and would likely increase the burden on the federal courts").

In the event the Court does grant Plaintiff's motion or otherwise strikes any of Defendant's affirmative defenses, Defendant respectfully requests leave to re-plead the defenses in a manner consistent with the Court's construction of Rule 8(c).  *See, e.g.*, *Bowers*, 2011 U.S. Dist. LEXIS 58537 at *16 ("The common remedy for striking defenses is to allow amendment, especially in early stages of litigation.").

**CONCLUSION**

For the above-stated reasons, the Court should deny Plaintiff's motion with prejudice.

Respectfully submitted,

/s/ Sabrina M. Rose-Smith
Sabrina M. Rose-Smith
GOODWIN PROCTER LLP
901 New York Avenue N.W.
Washington, D.C.  20001
Tel.:  (202) 346-4000
Fax:  (202) 346-4444
srosesmith@goodwinprocter.com

James W. McGarry (admitted *pro hac vice*)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  (617) 570-1000
Fax:  (617) 523-1231
jmcgarry@goodwinprocter.com

*Counsel for Bank of America, N.A.,*
*f/k/a BAC Home Loans Servicing LP*

Dated: January 27, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2012, a copy of the foregoing was served on the party

listed below via the court's electronic filing system:

Jimmy Ray Howell, Jr., Esq.
Ian Stumpf, Esq.
JR Howell & Associates
1325 G Street N.W., Suite 500
Washington, D.C.  20005
Tel.: (202) 552-7386
Fax: (202) 518-2571
jrhowell@jrhlegalstrategies.com
istump@jrhlegalstrategies.com

Respectfully submitted,

 /s/ Sabrina M. Rose-Smith
Sabrina Rose-Smith
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel.: (202) 346-4185
Fax: (202) 346-4444
srosesmith@goodwinprocter.com