UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID H. PARKER, Jr.,

    Plaintiff,

  v.

BANK OF AMERICA, N.A. F/K/A BAC
HOME LOANS SERVICING LP,

    Defendant.

Civil Action No. 1:11-CV-0520-KBJ

**MOTION TO STRIKE PLAINTIFF'S PURPORTED EXPERT WITNESSES
AND TO PRECLUDE CLASS CERTIFICATION UNDER RULE 23(B)(3)**

Sabrina M. Rose-Smith
Keith Levenberg
GOODWIN PROCTER LLP
901 New York Avenue N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
srosesmith@goodwinprocter.com

James W. McGarry (admitted *pro hac vice*)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: (617) 570-1000
Fax: (617) 523-1231
jmcgarry@goodwinprocter.com

*Counsel for Bank of America, N.A.,
f/k/a BAC Home Loans Servicing LP*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................2

ARGUMENT ..................................................................................................................................4

I.    THIS COURT SHOULD PRECLUDE PLAINTIFF FROM USING EXPERT EVIDENCE THAT FAILS TO COMPLY WITH RULE 26..............................................4

II.    PLAINTIFF'S NON-DISCLOSURES ALSO REQUIRE THE DENIAL OF CLASS CERTIFICATION UNDER RULE 23(B)(3)..........................................................7

III.    AT A MINIMUM, THE COURT SHOULD STAY DEFENDANT'S EXPERT DISCLOSURE DEADLINE.......................................................................................9

CONCLUSION................................................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591, 614 (1997) ................................................................................................. 8

*Blake v. Securitas Sec. Servs.*,
    No. 12-1349, 2013 U.S. Dist. LEXIS 62034 (D.D.C. May 1, 2013) ............................ 5-6

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426 (2013) .............................................................................................1-2, 7-9

*Elion v. Jackson*,
    No. 05-0992, 2006 WL 2583694 (D.D.C. Sept. 8, 2006) ............................................... 6

*Harris v. Koenig*,
    271 F.R.D. 383, 388 (D.D.C. 2010) ................................................................................ 8

*Klonoski v. Mahlab*,
    156 F.3d 255 (1st Cir. 1998) ............................................................................................ 6

*Norden v. Samper*,
    544 F. Supp. 2d 43 (D.D.C. 2008) .................................................................................. 6

*In re Potash Antitrust Litig.*,
    159 F.R.D. 682, 697 (D. Minn. 1995) ............................................................................. 9

**Rules**

Fed. R. Civ. P. 23 .................................................................................................... *passim*

Fed. R. Civ. P. 26 .................................................................................................... *passim*

Fed. R. Civ. P. 33 .............................................................................................................. 3

Fed. R. Civ. P. 37 ...................................................................................................... 1, 6, 7

**Other Authorities**

F. JUD. CENTER, REFERENCE MANUAL ON SCIENTIFIC EVID. (3d ed. 2011)) ................... 8

## PRELIMINARY STATEMENT

This case—originally brought over two years ago—is styled as a class action seeking money damages from Bank of America on the theory that named Plaintiff David H. Parker, Jr. entered into an agreement with Bank of America to modify the terms of his mortgage loan, but that Bank of America failed to implement the modified terms. Under the current briefing schedule—which has been pushed back six times—Plaintiff's motion to certify his proposed class is due on October 11, 2013. Plaintiff's expert disclosures in connection with that motion were due on May 24, 2013, but Plaintiff never made them. Instead of providing the expert reports required by Rule 26(a)(2) setting forth "a complete statement" of the expert's opinions and "the facts or data considered by the witness in forming them," Plaintiff served a two-page bullet-point list of experts he intended to use containing nothing except their résumés and a one-sentence synopsis of the general subject matter they would address.

This disclosure is plainly insufficient under Rule 26, and the precedent in this Circuit is clear on the appropriate remedy. In a recent opinion by Judge Boasberg—who presided over this case for virtually its entire discovery period—the Court held that a plaintiff's failure to serve an expert report as required by Rule 26(a)(2) warranted striking the expert testimony (as well as a belated report from the same expert). This is consistent with Rule 37(c)(1) of the Federal Rules of Civil Procedure, which is clear in stating that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion. . . ." The Plaintiff here should likewise be precluded from introducing expert evidence in violation of Rule 26(a).

As a necessary consequence, the Court should also preclude Plaintiff from seeking class certification under Rule 23(b)(3). The Supreme Court's recent decision in *Comcast Corp. v.*

*Behrend*, 133 S. Ct. 1426 (2013), clearly establishes that it is the burden on a party seeking certification under Rule 23(b)(3) to offer a methodology showing that damages can be measured on a classwide basis. That methodology is exactly what Plaintiff "is not allowed to use" because of his failure to disclose it as Rule 26(a)(2) requires. There is no reason to put the parties through the burden and expense of briefing this issue on a future motion for class certification when it is already clear that Plaintiff has put no evidence in the record on a threshold certification requirement. In short, Plaintiff's failure to disclose any methodology for measuring damages on a classwide basis forecloses certification under Rule 23(b)(3).

## BACKGROUND

Plaintiff David H. Parker, Jr. originally filed this action as an individual, non-class complaint in the Superior Court of the District of Columbia on February 8, 2011. Bank of America removed the action to the District of D.C. on March 11, 2011 pursuant to 28 U.S.C. § 1441, and Judge Boasberg presided over the matter until it was reassigned to this Court on April 4, 2013. An amended complaint filed July 20, 2011 (Dkt. #19; hereinafter "AC") attempted to restyle Plaintiff's claims as class claims, and is the currently operative complaint.

In the amended complaint, Plaintiff alleged that he had reached an agreement with Bank of America to modify the terms of his mortgage loan, but that Bank of America "unilaterally cancelled" the modification. AC ¶ 1. Plaintiff purported to bring the action "pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), and 23(b)(3)" on behalf of himself and all "(a) current and former borrowers of residential mortgage loans (b) across the United States of America (c) whose loans were serviced by Defendant BAC (d) who had reached loan modification agreements with BAC (e) the existence of which or enforceability of which BAC subsequently denied (f) that resulted in harm and/or damages to the borrowers (g) during the previous three years." AC ¶¶ 58-59.

The complaint asserted claims for breach of contract (AC ¶¶ 66-79), tortious interference with contract (¶¶ 80-94), and violations of the Federal Fair Debt Collection Practices Act (¶¶ 95-108). (The FDCPA claims were dismissed on December 20, 2011.  *See* Dkt. #33.)

Less than two weeks after filing the complaint—before taking any discovery or even receiving Bank of America's responsive pleading—Plaintiff filed a "Motion to Certify a Class Against Defendant, Appoint Named Plaintiff's [*sic*] Class Representative, and Appoint Class Counsel."  Dkt. #21.  Plaintiff did not cite any evidence that the requirements of Rule 23 were satisfied (having none), but maintained, for example, that numerosity was present on the basis of "common sense," that commonality was present because they were challenging "centralized policies" (although they did not mention any), and that the predominance requirement was satisfied because "[t]he proposed class can be identified from the Defendant's own records" (although they did not identify any such records or propose any method for identifying class members). Dkt. #21-1 at 13, 16, 25.  On September 12, 2011, the Court held a status conference during which Plaintiff agreed to withdraw his motion for class certification pending discovery.

The discovery schedule was initially set on September 20, 2011 and provided for a close of class discovery on April 13, 2012, with Plaintiff to serve his expert disclosures that same day. Plaintiff did not serve any discovery requests until February 10, 2012, when he served a set of document requests and 63 interrogatories (without having received any agreement or leave to exceed the 25-interrogatory limit of FED. R. CIV. P. 33(a)(1)).  Plaintiff also requested the deposition of a Bank of America employee referenced in the complaint.  (Plaintiff later filed a Rule 30(b)(6) notice requesting fifteen additional depositions.)  The discovery schedule was extended six times—on May 17, 2012, September 17, 2012, December 17, 2012, January 24, 2013, March 18, 2013, and May 7, 2013.  Under that last revision of the scheduling order,

Plaintiff was required to serve expert disclosures on May 24, 2013.

On that day, Plaintiff served Bank of America a two-page document "disclos[ing] the identity of [four] persons who may be presented to testify under Rules 702, 703, or 705 of the Federal Rules of Evidence on matters related to class certification" (*see* Ex. 1 hereto), and attaching their curricula vitae. Plaintiff did not attach, however, any reports by their designated experts as required by FED. R. CIV. P. 26(a)(2)(B). Instead, Plaintiff evidently deemed it sufficient to list one-sentence summaries of the topics each of the purported witnesses "will testify as to." Ex. 1 ¶¶ 1-4.

The parties telephonically met and conferred regarding Plaintiff's deficient disclosure on June 18, 2013. In response, Plaintiff filed, that same day, a "Motion to Establish Rule 26 Expert Testimony Schedule & Amend Schedule Related to Class Certification" (Dkt. #51), without regard to the fact that the existing scheduling orders (all six of them) already set forth an expert discovery schedule. In the Motion, Plaintiff maintains that his deficient disclosures were justified by the fact that fact depositions had just been completed and the time for deponents to "read and sign" the transcripts had not expired. *Id*. at 2. Plaintiff also complains that Bank of America supplemented its document production with 200 pages of additional documents after Plaintiff's deficient disclosure (*id*.), although Plaintiff does not explain why this should have contributed to the deficiency of a disclosure Plaintiff had already made.

## ARGUMENT

### I. THIS COURT SHOULD PRECLUDE PLAINTIFF FROM USING EXPERT EVIDENCE THAT FAILS TO COMPLY WITH RULE 26.

Rule 26 requires that expert disclosures "be accompanied by a written report—prepared and signed by the witness— . . . [which] must contain":

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)-(vi). Plaintiff's failure to serve any expert disclosures as required by Rule 26 justifies the preclusion of whatever expert evidence Plaintiff might intend to submit at some later, unspecified date.

Judge Boasberg, who presided over this case for virtually its entire discovery period, recently issued an opinion setting forth the appropriate remedy for a party's failure to comply with Rule 26(a)(2)(B). In *Blake v. Securitas Sec. Servs.*, No. 12-1349, 2013 U.S. Dist. LEXIS 62034 (D.D.C. May 1, 2013), the Plaintiff served "an initial Rule 26(a)(2) expert disclosure . . . listing [Dr. William S.] Garmoe as a 'Retained Expert' who was 'performing neuropsychology testing on [the plaintiff]' and would 'prepare a report. . . .'" *Id.* at *2. But "[t]he disclosure statement did not include a report prepared by Garmoe outlining his opinions, their bases, or the facts and data upon which he relied." *Id.* The defendant moved to strike Garmoe as an expert witness. The plaintiff, in lieu of opposing the motion, "agreed not to call Garmoe as an expert witness," and the Court granted the motion to strike. *Id.* at *3. But several weeks later, the plaintiff "served a rebuttal disclosure statement, again listing Garmoe as a testifying expert, this time including a report and other supporting documentation." *Id.* The defendant again moved to strike. Judge Boasberg ruled:

> [T]he Court agrees with Defendant's characterization that Plaintiff's rebuttal report is a thinly veiled attempt to circumvent his failure to timely disclose Dr.

> Garmoe as a testifying expert, as well as this Court's order striking Dr. Garmoe. . . . Garmoe's report must be considered an untimely and improperly disclosed initial expert report in violation of Rule 26(a)(2), subjecting Plaintiff to sanctions under Rule 37(c)(1). The overwhelming weight of authority is that preclusion is required and mandatory absent some unusual or extenuating circumstances—that is, a substantial justification. . . . The Court, then, must grant Defendant's Motion and strike Garmoe's testimony.

*Id*. at *11-12 (internal citations and quotation marks omitted; quoting *Elion v. Jackson*, No. 05-0992, 2006 WL 2583694, at *1 (D.D.C. Sept. 8, 2006); citing *Norden v. Samper*, 544 F. Supp. 2d 43, 49 (D.D.C. 2008)).

*Norden*, on which Judge Boasberg relied in striking the belated report, cited Rule 37's provision that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1); *see Norden*, 544 F. Supp. 2d at 49. *Norden* added that "Rule 37(c)(1) is a self-executing sanction, and the motive or reason or the failure is irrelevant. It therefore is unnecessary to decide whether the [Plaintiff] acted in bad faith . . . or was simply sloppy. . . ." *Id*. at 49-50 (quoting *Elion*, 2006 U.S. Dist. LEXIS 63854, at *2-3; citing *Klonoski v. Mahlab*, 156 F.3d 255, 269, 271 (1st Cir. 1998) ("The overwhelming weight of authority is that preclusion is required and mandatory absent some unusual or extenuating circumstances—that is, a 'substantial justification.'")).

There is no conceivable "substantial justification" for Plaintiff's failure to serve a compliant expert disclosure in this case. Plaintiff's deadline for expert disclosures was pushed back *six times*, and Plaintiff had a year and a half of discovery with which to prepare any experts he wished to use. Nor does Plaintiff offer a sufficient justification in their "Motion to Establish Rule 26 Expert Testimony Schedule & Amend Schedule Related to Class Certification" (Dkt.

#51).  In that Motion, Plaintiff claims that he should be given another chance to submit compliant disclosures because Plaintiff had just completed fact depositions the day before expert disclosures were due, and witnesses still had time thereafter to "read and sign" their transcripts. *Id*. at 2.  Plaintiff also complains that Bank of America supplemented its document production with "over 200 pages" of additional documents after Plaintiff made his deficient expert disclosures.  *Id*.  Neither of these points is a credible justification (and both were obviously cooked up after the fact).  It was Plaintiff's own decision to delay depositions until the last minute, and Plaintiff never asked the Court to extend the expert disclosure deadline to accommodate the period for witnesses to "read and sign" transcripts.  It beggars belief to suggest that Plaintiff's experts were not equipped to form their opinions until this "read and sign" period had passed, but if Plaintiff truly believed as much, one would have expected Plaintiff to say so before today.  The "200 page" supplemental document production is another red herring, given that the production was made after Plaintiff had already made his deficient expert disclosures and thus could not possibly have factored into Plaintiff's decision not to comply with Rule 26.

Plaintiff "fail[ed] to provide information or identify a witness as required by Rule 26(a)," and thus, pursuant to Rule 37(c)(1), Plaintiff should "not [be] allowed to use that information or witness to supply evidence on a motion."  FED. R. CIV. P. 37(c)(1).

## II. PLAINTIFF'S NON-DISCLOSURES ALSO REQUIRE THE DENIAL OF CLASS CERTIFICATION UNDER RULE 23(B)(3).

Plaintiff cannot possibly prevail on his forthcoming motion for class certification without relying on the information he failed to provide pursuant to Rule 26(a) and which Rule 37(c)(1) thus states he "is not allowed to use."  FED. R. CIV. P. 37(c)(1).

In the recent case of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), the Supreme Court addressed "[w]hether a district court may certify a class action without resolving whether

the plaintiff class had introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis." *Id.* at 1431 n.4. The Supreme Court answered that question in the negative, holding that without a "methodology" for "establishing that damages are capable of measurement on a classwide basis," "respondents cannot show Rule 23(b)(3) predominance."

Presumably, Plaintiff intended to satisfy this burden with the testimony of the two purported experts he stated would "testify as to the susceptibility of class-wide relief for economic damages." Ex. 1 ¶¶ 3, 4. But Plaintiff has left nothing in the record disclosing "the opinions the[se] witness[es] will express," "the basis and reasons for them," or "the facts or data considered by the witness[es] in forming them." FED. R. CIV. P. 26(a)(2)(b)(i), (ii). There is thus no evidence in the record capable of supporting the finding that *Comcast* requires to warrant certification under Rule 23(b)(3). As *Comcast* held, "[t]he first step in a damages study is the translation of the legal theory of the harmful event into an analysis of the economic impact of that event." 133 S. Ct. at 1435 (quoting F. JUD. CENTER, REFERENCE MANUAL ON SCIENTIFIC EVID. 432 (3d ed. 2011)) (emphasis removed). Plaintiff offers no "analysis of the economic impact" of the alleged misconduct on the putative class. *Id.* And the burden of doing so rests clearly on the Plaintiff. *See, e.g.*, *Harris v. Koenig*, 271 F.R.D. 383, 388 (D.D.C. 2010) ("The plaintiff bears the burden of proof on each element of Rule 23.") (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)).

Before *Comcast* raised the bar for demonstrating predominance, the District Court in *In re Nifedipine Antitrust Litig.*, 246 F.R.D. 365 (D.D.C. 2007), noted that in assessing whether plaintiffs had carried their burden, "the Court need only assess whether 'methods are available to prove damages on a class-wide basis,'" and that all plaintiffs must do is "offer[] a reasonable

approach to calculating damages" that is "not so insubstantial as to amount to no method at all." *Id.* at 371 (quoting *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 697 (D. Minn. 1995)).  Here, Plaintiff cannot overcome even this lower hurdle.  "[N]o method at all" is, quite literally, exactly what Plaintiff offers.  Plaintiff's failure to offer even the bare minimum of what courts have deemed necessary to satisfy the predominance requirement should preclude them from seeking certification under Rule 23(b)(3).

### III.   AT A MINIMUM, THE COURT SHOULD STAY DEFENDANT'S EXPERT DISCLOSURE DEADLINE.

Plaintiff's failure to make the disclosure required by Rule 26(a)(2) has severely prejudiced Bank of America in satisfying its own expert disclosure obligations.  Simply put, Bank of America cannot engage an expert witness or have an expert perform any kind of analysis without any inkling of the analysis to which he or she is supposed to be responding.  Bank of America's expert disclosures are presently due on July 19, 2013.  In the event the Court does not see fit to strike Plaintiff's experts altogether, Bank of America respectfully requests that the Court stay Bank of America's disclosure deadline pending a disclosure by Plaintiff in compliance with Rule 26.

### CONCLUSION

For the above-stated reasons, the Court should preclude Plaintiff from offering expert evidence in violation of Rule 26(a)(2) and from seeking certification under Rule 23(b)(3).

Respectfully submitted,

/s/ Sabrina M. Rose-Smith
Sabrina M. Rose-Smith
Keith Levenberg
GOODWIN PROCTER LLP
901 New York Avenue N.W.
Washington, D.C.  20001
Tel.:  (202) 346-4000
Fax:  (202) 346-4444
srosesmith@goodwinprocter.com
klevenberg@goodwinprocter.com

James W. McGarry (admitted *pro hac vice*)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  (617) 570-1000
Fax:  (617) 523-1231
jmcgarry@goodwinprocter.com

*Counsel for Bank of America, N.A., f/k/a BAC Home Loans Servicing LP*

Dated: June 18, 2013

**LCvR 7(m) Statement**

Pursuant to LCvR 7(m), counsel for Bank of America, N.A. states that counsel has discussed this motion with opposing counsel by telephone on June 18, 2013 in a good-faith effort to determine whether there is any opposition to the relief sought and to narrow the areas of disagreement. Counsel states that Plaintiff opposes the relief sought in this motion except as to Part III, and that Plaintiff has filed his own motion requesting relief similar to that sought in Part III (Dkt. #51).

    Respectfully submitted,

    /s/ Keith Levenberg
    GOODWIN PROCTER LLP
    901 New York Avenue N.W.
    Washington, D.C.  20001
    Tel.:  (202) 346-4000
    Fax:  (202) 346-4444
    klevenberg@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2013, a copy of the foregoing was served on the party listed below via the court's electronic filing system:

Jimmy Ray Howell, Jr., Esq.
Ian Stumpf, Esq.
JR Howell & Associates
1325 G Street N.W., Suite 500
Washington, D.C. 20005
Tel.: (202) 552-7386
Fax: (202) 518-2571
jrhowell@jrhlegalstrategies.com
istump@jrhlegalstrategies.com

    Respectfully submitted,

    /s/ Sabrina M. Rose-Smith
    Sabrina Rose-Smith
    GOODWIN PROCTER LLP
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    Tel.: (202) 346-4185
    Fax: (202) 346-4444
    srosesmith@goodwinprocter.com