UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DAVID H. PARKER, Jr.,               )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil Action No. 11-CV-0520 (KBJ)
                                    )
BANK OF AMERICA, N.A.,              )
                                    )
            Defendant.              )
                                    )
_____)

MEMORANDUM OPINION AND ORDER

Currently pending before the Court in this case are two motions: Plaintiff David H. Parker's Motion to Establish Rule 26 Expert Testimony Schedule & Amend Schedule Related to Class Certification ("Motion to Reschedule") [ECF No. 51], and Defendant Bank of America's Motion to Strike Plaintiff's Purported Expert Witnesses and to Preclude Class Certification Under Rule 23(b)(3) ("Motion to Strike") [ECF No. 52]. Both motions result from the same procedural morass, and accordingly, the Court will treat them together. For the reasons set forth below, the Court will set a new schedule for expert disclosures related to class certification and deny both pending motions as moot.

I.  BACKGROUND

The instant motions arise as the result of a consent motion filed by the parties on May 1, 2013. [ECF No. 48.] That motion asked the Court to reset the deadlines for discovery related to class certification in order to "accommodate the deposition of a

witness who [was] scheduled to be deposed on May 23, 2013." *Id*. In the consent motion, the parties asked that certification-related fact discovery be closed on May 24, 2013. The parties also asked that Plaintiff's certification-related Rule 26 expert disclosures be due that same day, on May 24, 2013, with Defendant's certification-related expert disclosures to follow on July 26, 2013, and certification-related expert discovery to close on August 23, 2013. The Court granted the motion by minute order on May 6, 2013.

On May 24, 2013, the same day that fact discovery closed and Plaintiff's expert disclosures were due, Plaintiff served a document on Defendant entitled "Plaintiff's Expert Designations." The two-page document identified four expert witnesses whom Plaintiff expected to testify regarding class certification, along with the CV of each witness and a one-sentence description of the subject matter on which each witness was expected to testify. On June 18, 2013, Defendant filed the Motion to Strike in which Defendant maintained that Plaintiff had failed to comply with the requirements for expert disclosure set out by Fed. R. Civ. P. 26(a)(2)(B), and that, therefore, by operation of Fed. R. Civ. P. 37(c)(1), Plaintiff's experts should be precluded from providing testimony. (Motion to Strike at 4-7.) Defendant further argued that, because Plaintiff could not prevail on class certification without expert opinions and testimony, the Court should summarily deny class certification. (*Id*. at 7-9.) Finally, Defendant contended that, at a minimum, the Court should not require that Defendant's certification-related expert disclosures be submitted on July 26, 2013 (in accordance with the then-existing schedule) because Plaintiff's disclosures did not provide enough information for Defendant's experts to prepare a meaningful response. (*Id*. at 9.)

On the same day that Defendant filed its Motion to Strike (June 18, 2013), Plaintiff also filed a motion asking the Court to enter a new schedule giving it additional time to prepare expert reports.  Plaintiff noted that it could not have reasonably been expected to prepare such reports by May 24, when fact discovery had closed only the day before. (Motion to Reschedule at 2.)  Plaintiff also noted that, despite the May 24 deadline for fact discovery, Defendant had produced certain documents after that deadline. (*Id*.)

II.   ANALYSIS

Expert disclosures are governed by Fed. R. Civ. P. 26(a)(2).  Under that Rule, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[1]  Rule 26(a)(2)(B) further mandates that such disclosure "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case."  Moreover, "[t]he report must contain:

>   (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
>
>   (ii)   the facts or data considered by the witness in forming them;
>
>   (iii)  any exhibits that will be used to summarize or support them;
>
>   (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
>   (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

---

[1] FRE 702, 703, and 705 govern the use of testimony provided by experts.

    (vi) a statement of the compensation to be paid for the study and testimony in the case."

Fed R. Civ. P. 26(a)(2)(B)(i)-(vi). Plaintiff's May 24 "Expert Designations" plainly fail to satisfy the requirements of Rule 26(a)(2). Plaintiff has provided no experts reports of the type required by Rule 26(a)(2)(B). In fact, apart from the names, titles, and CVs of its experts, and a broad statement of the subject area in which it expects them to testify, Plaintiff has provided no information about them at all. It appears to the Court that Plaintiff has confused the requirements of Rule 26(a)(1), which requires disclosure of the names of individuals likely to have discoverable information (along with the subject matter of such information) for the purpose of *fact* discovery, with the requirements of Rule 26(a)(2), which provides the disclosure requirements for *expert* discovery, as outlined above.

  Fed. R. Civ. P. 37(c)(1) details the remedy for inadequate disclosures under Rule 26(a): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendant urges the Court to preclude Plaintiff from offering any expert testimony on the topic of class certification pursuant to this Rule; however, the Court retains "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." *DAG Enters. v. ExxonMobil Corp.*, 2007 U.S. Dist. LEXIS 102675 (D.D.C. Mar. 30, 2007) (quoting *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). In *DAG*, this Court (relying on *Southern States*) identified five factors to be considered in determining whether a party's failure to

comply with Rule 26 was "substantially justified or harmless": (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the case; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.  *DAG*, 2007 U.S. Dist. LEXIS 102675 at *4.

Weighing these factors in the context of the instant case, the Court finds that Plaintiff's neglect of the proper Rule 26 procedures was harmless.  In regard to the first three factors, there is no surprise given that Plaintiff has already submitted a list of experts upon which he intends to rely, and any disruption can be cured simply by resetting the schedule to (1) allow Plaintiff time to submit his Rule 26 expert disclosures properly, and (2) permit defendant time to prepare an adequate response. Regarding the fourth factor, Defendant itself acknowledges that Plaintiff's class action allegations cannot survive without support from expert testimony (*see* Motion to Strike at 7-9), and there is no question that such evidence is important to the case.  Finally, although Plaintiff has failed to provide a compelling explanation for its failure to follow Rule 26 in the first instance (the fifth factor), the Court finds that the overall *DAG* analysis still augurs in favor of allowing Plaintiff's experts to testify.

Accordingly, it is hereby **ORDERED** that

1. Plaintiff shall serve all expert disclosures related to class certification in accordance with Fed. R. Civ. P. 26(a)(2) by **August 23, 2013**;

2. Defendant shall serve its expert disclosures in rebuttal by **October 23, 2013**;

3. All certification-related expert discovery shall be completed by **November 22, 2013**;

4. The parties shall submit a proposed briefing schedule for class certification by **November 27, 2013**; and

5. In light of the new schedule set by the Court, both pending motions are **DENIED** as moot, and the Court's July 23, 2013 Minute Order staying discovery related to class certification is **VACATED**.

Date:   July 24, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge